IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PATRICK ANTWAIN GILES,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 21-0120-KD-C |
| **ARNITA LASISTER,** *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff Patrick Antwain Giles, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with an application to proceed in district court without prepaying fees or costs. (Docs. 1, 5, PageID.1,18). His complaint and application were referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Talliaferro v. U.S.,* 677 F. App'x 536, 537 (11th Cir.) ("under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike"), *cert. denied,* 138 S.Ct. 338 (2017); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying 28 U.S.C. § 1915(e)(2)(B) to actions brought by non-prisoners).

**I. Proceedings.**

The original complaint and application filed by Giles were not on the Court's forms. Therefore, on March 31, 2021, the Court ordered him to file his claims and *in*

*forma pauperis* request on this Court's forms. (Doc. 13 at 1-4, PageID.44-47). The Court also advised Giles of the pleading requirements for a § 1983 action and that the amended complaint would replace his prior complaints. (*Id.* at 3, 6-7, PageID.46, 48-49). Even though the Court ordered Giles to comply with its order by April 27, 2021, on the following day, April 1, 2021, Giles electronically filed his amended complaint on the Court's § 1983 complaint form and the Court's form for a motion to proceed without prepayment of fees.[1] (Docs. 14,15, PageID.54, 62).

In the amended complaint, he names as Defendants Arnita Lasister, the Clerk of Selma Municipal Court; Joseph H. Hagood III, a judge of the Selma Municipal Court; and Yusuf Abdus Salaam, a prosecutor in the Selma Municipal Court. (Doc. 14 at 5, PageID.58). Defendant Lassiter is alleged to have "[f]ail[ed] to allow [him] a right to a fair trial by [an] impartial jury as [he had] asked." (*Id.*). Defendant Hagood also "[f]ail[ed] to allow [him] a right to a fair trial as afforded [him] by the United States Const[it]ution and denied [him] [a] trial by [an] impartial Jury as [he had] asked the court to provide . . . ." (*Id.*). Defendant Salaam is alleged not to "allow [him] to face [his] accuser in open court and did not allow [him] a fair trial by [an] impartial jury as afforded

---

[1] The docket entry for the motion was made by Giles and is titled "Amended Motion for Leave to Appeal in forma pauperis." (Doc. 15). The wording appears to be taken from a portion of the title on the notice sheet accompanying the form for a motion to proceed without prepayment of fees, as no other documents are present indicating an appeal. (Doc. 15 at 1, PageID.61). The Court is treating this motion as the amended motion to proceed without prepayment of fees that Giles was ordered to file along with his amended complaint. Later, Giles filed another motion to proceed without prepayment of fees (Doc. 18, PageID.77), which the Court is treating as a supplement to the amended complaint. (The filings in this action until the amended motion's filing (*id.*) were made by Giles using the Court's electronic filing system. After the filing of the amended motion, an order was entered on April 9, 2021 (Doc. 16 at 5, PageID.71) revoking his ability to access the Court's electronic filing system due to inappropriate filings and docket entries and the opening of new cases without providing the requested information and paying the fees or filing a motion to proceed without prepayment of fees. (*Id.* at 4, PageID.70).)

to [him] by the [U]nited [S]tates [C]onstitution." (*Id.* at 5-6, PageID.58-59). This is the extent of the information provided by Giles for his claims.

Furthermore, on the complaint form, Giles's answers to the form's questions regarding his conviction indicate that he was convicted of "Har[]as[s]ment Code of Alabama 1975; 13A-11-000." (*Id.* at 6, PageID.59). He states that he was convicted on January 25, 2021 and began serving his 72-hour sentence on that date.[2] He further indicates that no invalidation of his conviction and sentence has occurred. (*Id.* at 6-7, PageID.59-60).

For relief, Giles requests "the court to rule in [his] favor in seeking for [him] to appeal this case and to reopen this case so that [he] can have [a] jury to find [him] guilty/or not guilty." (Doc. 14 at 7, PageID.60).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Giles is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 14) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which

---

[2] In the original complaint, Giles alleges that his claim arose on November 12, 2000 at 11 a.m. (Doc. 1 at 4, PageID.4).

3

relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.  Analysis.

In reviewing Giles's amended complaint, the Court finds that it does not comply with Court's order that he file an amended complaint that is plausible on his face. (Doc. 13 at 5, PageID.48). Giles was advised that his complaint must state enough facts to "nudg[e] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Even though the amended complaint's facts are sparse, the Court will nonetheless address Giles's allegations.

### A.  Claims for Jury Trial.

The amended complaint reflects that Giles was tried in Selma Municipal Court ostensibly on a charge of harassment, although he has not clearly specified the statute under which he was tried and his claims do not refer to the harassment conviction, but it is the only conviction identified on the complaint form. (Doc. 14 at 6, PageID.59). Section 13A-11-8 of the Alabama Code provides that harassment or harassing communication is a Class C misdemeanor. ALA. CODE § 13A-11-8 (1975).[3] He alleges

---

[3]  Section 13A-11-8 provides:

> (a)(1) Harassment. A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:
> a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.
> b. Directs abusive or obscene language or makes an obscene gesture towards another person.
> (2) For purposes of this section, harassment shall include a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.
> (3) Harassment is a Class C misdemeanor.
>
> (b)(1) Harassing communications. A person commits the crime of harassing communications if, with intent to harass or alarm another person, he or she does any of the following:

5

that he requested a jury trial from all three Defendants in his municipal court case, but he did not receive a jury trial.  However, Rule 18.1, Alabama Rules of Criminal Procedure, provides that "[i]n cases triable in the first instance in district or municipal courts, the defendant shall have the *right to trial by jury <u>only</u> on demand upon appeal to the circuit court.*"  ALA.R.CRIM.P. 18.1 (emphases added); *see* ALA. CODE 12-12-32(a)(1) (municipal courts have jurisdiction over misdemeanors); *Carter v. City of Montgomery*, 473 F. Supp.3d 1223, 1287 (M.D. Ala. 2020) (same).  In addressing Rule 18.1, the Alabama Supreme Court held that "a jury trial should not be required in a municipal court or other court from which an appeal can be taken as a matter of right to the circuit court or other court of similar jurisdiction, where the defendant can have a trial de novo before a jury."  *Birmingham v. Evans,* 293 So.2d 136, 136 (Ala. 1974).  Rule 30.1 provides that "[a] defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."  Ala.R.Crim.P. 30.1.  Thus, a trial *de novo* was available to Giles in the

---

>               a. Communicates with a person, anonymously or
>               otherwise, by telephone, telegraph, mail, or any
>               other form of written or electronic communication,
>               in a manner likely to harass or cause alarm.
>               b. Makes a telephone call, whether or not a
>               conversation ensues, with no purpose of legitimate
>               communication.
>               c. Telephones another person and addresses to or
>               about such other person any lewd or obscene
>               words or language.
> Nothing in this section shall apply to legitimate business telephone communications.
> (2) Harassing communications is a Class C misdemeanor.

ALA. CODE §13A-11-8 (1975).

circuit court on his municipal-court conviction. *Gonzalez v. City of Homewood,* 254 So.3d 912 (Ala.Crim.App. 2017) (citing Ala.R.Crim.P 18(b)(2) ("When the defendant appeals for trial de novo in the circuit court, he or she must demand a jury trial in writing at the time of filing notice of appeal for trial de novo, or within (7) days thereafter. Failure of a defendant to make a timely demand for trial by jury shall be deemed to be a waiver by the defendant of his or her right to trial by jury.")). Accordingly, Giles had no constitutional right to a jury when he was tried and convicted in municipal court. *Sharp v. City of Huntsville,* 2017 WL 4422348, at *4 n.3 (N.D. Ala.), *aff'd*, 730 F. App'x 858 (11th Cir. 2018). His right to a trial by jury arose once he appealed the municipal-court decision to the circuit court. *Id.* Thus, the claims for the denial to a trial by jury fail to state a claim upon which relief can be granted.

### B. Claim for Violation of the Confrontation Clause.

In addition to the claims that he was denied his right to a jury trial, Giles also complains that the prosecutor, Defendant Salaam, did not "allow [him] to face [his] accuser in open court[.]" (*Id.* at 5-6, PageID.58-59). No other facts are offered to amplify this claim to give it plausibility beyond this bald assertion. Even so, "[t]he Confrontation Clause [of the Sixth Amendment] guarantees the defendant the opportunity to cross-examine the witnesses against him." *Sec., Fla. Dep't of Corr. v. Baker*, 406 F. App'x 416, 423 (11th Cir. 2010) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986)).

Therefore, for Giles to proceed on a claim for the denial of his right to confront a witness in this § 1983 action, the ruling from *Heck v. Humphrey*, 512 U.S. 477, 114

7

S.Ct. 2364, 129 L.Ed.2d 383 (1994), must be overcome.  The ruling from *Heck* provides:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions *whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983*. Thus, when a state prisoner seeks damages in a § 1983 suit*, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated*. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486, 114 S.Ct. at 2372 (emphasis added).  The rule from *Heck* on damages claims was extended by the decision in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), to all § 1983 claims regardless of the relief sought.  *Id.* at 82, 125 S.Ct. at 1248.  Thus, Giles's non-damages claims for an order allowing him to appeal or re-open his case so he may be able to confront his accuser are included within the scope of the decisions in *Heck* and *Wilkinson.*  (Doc. 14 at 7, PageID.60).

Giles's claim that he did not have the opportunity to face his accuser is a claim that if the Court was to rule favorably on this claim, it would have effect of invalidating his harassment conviction.  Therefore, Giles must show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

8

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, *supra*. Giles cannot make such a showing because he indicated that his harassment conviction has not been invalidated.[4]  (Doc. 14 at 7, PageID.59).

The undersigned concludes that *Heck* applies in this instance to bar the Giles's confrontation claim, especially considering that Giles had the opportunity to appeal the municipal court's decision to the circuit court where there was an opportunity to remedy the lack of confrontation of the witness.  The amended complaint does not reflect that Giles pursued an appeal to the circuit court.  In determining that *Heck* and *Wilkinson* bar Giles's claim for a violation of the confrontation clause, the undersigned considered that Giles was convicted on January 25, 2021, began serving his 72-hour sentence that day, and was not in custody on March 15, 2021 when he filed his complaint. (Doc. 14 at 6, PageID.59; Doc. 1, PageID.1).  Accordingly, Giles's claim that he was not allowed to confront his accuser is barred from proceeding in this § 1983 action based on the decision in *Heck, supra,* and *Wilkinson*, *supra*.  Cf. *Topa v. Melendez*, 739 F. App'x 516, 518-19 (11th Cir. 2018) (indicating that in this Circuit "it is not clear whether *Heck* would apply to claims brought by a plaintiff who is no longer incarcerated" and therefore could not bring a habeas petition).[5]

---

[4] The reasoning in this paragraph would also apply if Giles possessed a right to a trial by a jury in municipal court.

[5]  In a footnote the *Topa* Court observed:

> "A circuit split has developed regarding the application of *Heck* to situations where a claimant, who may no longer bring a habeas action, asserts a § 1983 complaint attacking a sentence or conviction." *Domotor v. Wennet*, 630 F.Supp.2d 1368, 1376–77 (S.D. Fla. 2009) (collecting cases). This circuit has not definitively

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[6]  (Even though a *pro* se plaintiff may be given one chance to amend

---

> answered the question. *See Abusaid v. Hillsborough Cty. Bd. of Cty. Com'rs*, 405 F.3d 1298, 1316 n.9 (11th Cir. 2005) (discussing "the [open] question of whether *Heck* bars § 1983 suits by plaintiffs who are not in custody," and noting "[o]ur court has not yet weighed in on this issue"). There are cases from this circuit that have suggested that *Heck* never applies to such a suit, *see Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003), while others suggest *Heck* would almost always apply, *see Vickers v. Donahue,* 137 F. App'x 285, 289–90 (11th Cir. 2005) (*per curiam*) (unpublished). Still other cases have suggested a middle ground—that application of *Heck* turns on whether the plaintiff had a meaningful opportunity to file for habeas relief while incarcerated.
> *See Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010) ("This case is one in which the alleged length of unlawful imprisonment—10 days—is obviously a duration that a petition for habeas relief could not have been filed and granted while Plaintiff was unlawfully in custody."); *see also id.* at 1273–74 (Anderson, J., concurring). However, we need not, and do not, answer the merits of the *Heck* question now.

*Id.* at 519 n.2.

The window of time for Giles to file a habeas petition was brief, but the time for filing a *de novo* appeal was longer.  Because it does not appear that Giles was in custody when he filed this action (*see* Doc. 1 at 2, 7, PageID.2, 7; Doc. 14 at 6, PageID.59), the writ of habeas corpus was not available to him. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

[6]    Giles's request for relief is improper.  He wants the Court to rule in his favor that he be allowed to appeal, as best the Court can discern, and to reopen the case so a jury can determine his guilt or innocence.  However, Giles was informed, in the Court's order for him to file an amended complaint, that this Court has no authority to review state-court decisions. (Doc. 13 at 4-5, PageID.4-5).  That is, the Court has no jurisdiction of over state-court losers. (*Id.* at 5, PageID.10).  Giles was advised that the proper process to review state-court judgments is through the state appellate courts and then, the United States Supreme Court. (*Id.*).

before a complaint is dismissed with prejudice, where a more carefully drafted complaint may state a claim, the undersigned does not recommend such because an amended complaint in this instance would be futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).)

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

Nonetheless, Giles made his request. A specific Defendant is not connected to the request. Defendant Lasister, the clerk, and Defendant Salaam, a prosecutor, do not occupy positions that have the authority to allow or authorize an appeal or to reopen a case. A judge is an official who would have the authority to permit an out-of-time appeal, although it may be an appellate judge who has this authority, or to re-open a case. However, judges are entitled to immunity from damages and injunctive relief. 42 U.S.C. § 1983; *Snow v. King*, 2018 WL 656032, at \*\*4-5 (N.D. Ala. 2018) (in amending § 1983, Congress sought to negate the opinion of *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.565 (1984), that held judicial immunity did not bar prospective injunctive relief for a judge's acts or omissions taken in a judicial capacity). Inasmuch as Giles's request for relief is an injunctive relief request, Defendant Hagood would be entitled to judicial immunity from it.

In addition, or in the alternative, Giles's request may be construed as a petition for the writ of mandamus. That is, Giles wants this Court to order that his municipal court case be reopened so his guilt or innocence could be determined by a jury and, possibly, to authorize an appeal. This Court is permitted to recharacterize a complaint. *Chambersel v. Fla.*, 816 F. App'x 424, 424-426 & n.2 (11th Cir. 2020) (affirming the recharacterizing the complaint as a petition for the writ of mandamus, and not a habeas petition, as the requested relief was unclear). Considering Giles's unclear request for relief, a plausible recharacterization of the amended complaint is a petition for the writ of mandamus, as Giles is seeking this Court to mandate that a state court or judicial officers take certain actions. However, "[f]ederal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (citing *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (same); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (same).

11

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 8th day of October, 2021.

                                          **s/ WILLIAM E. CASSADY**
                                          **UNITED STATES MAGISTRATE JUDGE**